UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br>FEMHEALTH USA, INC., d/b/a CARAFEM,<br>MILO WORLDWIDE LLC,<br>PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,<br>           Plaintiffs,<br>     v.<br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br>PAUL J. WIEDEFELD,<br>           Defendants. | No. 1:17-cv-1598 (TSC) |

**CONSENT MOTION FOR LIMITED, EXPEDITED DISCOVERY
IN SUPPORT OF PLAINTIFF MILO WORLDWIDE LLC'S
MOTION FOR A PRELIMINARY INJUNCTION
AND TO ESTABLISH A BRIEFING SCHEDULE**

Plaintiff MILO Worldwide LLC ("Milo Worldwide") hereby moves, pursuant to Fed. R. Civ. P. 26(d)(1), for an order allowing it to take limited, expedited discovery from the defendants for the purpose of putting before the court additional facts relevant to plaintiff's pending motion for a preliminary injunction, and to establish a briefing schedule. Defendants consent to the relief sought by this motion.

Plaintiff seeks leave to propound just a single document request: "Please provide all documents constituting or reflecting communications regarding the advertisements sponsored by MILO Worldwide LLC that were posted on June 26, 2017, and removed on or about July 6, 2017." That request would call for emails and other communications internal to the defendants

("WMATA"), communications between WMATA and its advertising agency, Outfront Media, Inc., and communications between WMATA and members of the public.

## BACKGROUND

As more fully set forth in plaintiff Milo Worldwide's motion for a preliminary injunction, the defendants ("WMATA") first accepted and posted plaintiff's advertisements for a best-selling new nonfiction book called *Dangerous* in Metro stations and rail cars, but then removed them. Plaintiff seeks an order requiring that the advertisements be re-posted. *See* Memorandum in Support of Motion for Preliminary Injunction (ECF No. 2-1).

## ARGUMENT

While expedited discovery is not the norm, the Court has discretion to allow it in appropriate cases. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order.")

"Courts typically consider five factors when evaluating a motion for expedited discovery under the good-cause standard: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. Courts are not limited to these factors, but the factors provide guidelines for the exercise of the Court's discretion." *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015) (internal quotation marks and citations omitted). All five factors weigh strongly in favor of permitting the requested discovery here.

1. A motion for a preliminary injunction is pending.

2. The breadth of the requested discovery is quite narrow: a single document request directed at material that is likely to be directly relevant to the pending motion for a preliminary injunction.

3. The purpose of the requested discovery is equally narrow: to obtain evidence that is likely to be directly relevant to the pending motion for a preliminary injunction—evidence that plaintiff believes will show that WMATA removed plaintiff's advertisements because some members of the public believe that speech by the book's author should be suppressed.

4. The burden on WMATA to comply with the proposed discovery will be light. The documents that would be requested are all of very recent vintage (approximately the past two months) and should be easy to assemble. Indeed, on July 11 one of plaintiff's counsel sent an evidence preservation letter to WMATA, specifically requesting the preservation of such material, to which WMATA responded on July 13 that it "will take appropriate steps to retain and preserve information relevant to this dispute."

5. The document request would be made just a few weeks in advance of the typical discovery process. The complaint was served upon WMATA on August 10; its answer is due on August 31. The Rule 26(f) and 16(b) process could take place soon after that. No greater effort will be required to locate the requested documents now than would be required later.

"Under the reasonableness approach, the Court considers the 'reasonableness of the request in light of all of the surrounding circumstances,'" *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97–98 (D.D.C. 2014) (quoting *In re Fannie Mae Derivative Litigation,* 227 F.R.D. 142, 142–43 (D.D.C. 2005)). Under the circumstances presented here, plaintiff's request is reasonable.

· · ·

In order to allow for an expeditious adjudication of the pending motion for a preliminary injunction, plaintiff requests that defendants be directed to provide responsive documents within two weeks from the granting of this motion. Defendants consent to that timetable, on two conditions: First, that they not be required to produce a privilege log for documents constituting or reflecting communications made on or after August 9, 2017, and withheld on grounds of privilege. Plaintiff has agreed to that condition with respect to this expedited discovery, reserving the right to obtain a privilege log, and to contest withholdings, at a later time. Second, that defendants' time to file their opposition to plaintiff's motion for a preliminary injunction be extended to four calendar days after their production is due. Plaintiff agrees to that condition as well. Plaintiff, in turn, requests two weeks from defendants' filing to file a reply, to which defendant agrees.

## CONCLUSION

For the reasons given above, the motion should be granted. A proposed order is filed herewith.

August 16, 2017

Respectfully submitted,

/s/ *Arthur B. Spitzer*

_____
Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
  of the District of Columbia
4301 Connecticut Avenue, N.W. Suite 434
Washington, DC 20008
(202) 457-0800
aspitzer@acludc.org

Lee Rowland
Brian Hauss
American Civil Liberties Union Foundation
125 Broad Street, 18th floor
New York, NY 10004

(212) 549-2500
lrowland@aclu.org

Leslie Mehta
American Civil Liberties Union Foundation
 of Virginia
701 East Franklin Street, Suite 1412
Richmond, VA 23219
(804) 644-8022
lmehta@acluva.org

*Attorneys for Plaintiff MILO Worldwide LLC*

Jeffrey P. Weingart
Stephen B. Meister
Meister Seelig & Fein LLP
125 Park Avenue – 7th Floor
New York, New York 10017
(212) 655-3500

*Of Counsel to Plaintiff MILO Worldwide LLC*