# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, § § § FEMHEALTH USA, INC., d/b/a CAREFEM, § § § MILO WORLDWIDE LLC, § § PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., § § § Plaintiffs, § § v. § § WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al., § § § Defendants. § | CIVIL ACTION NO. 1:17-cv-01598-TSC |

## DEFENDANTS' CORRECTED AND AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Washington Metropolitan Area Transit Authority and Paul J. Wiedefeld (collectively "WMATA") answer the Complaint of Plaintiffs American Civil Liberties Union Foundation ("ACLU"), Femhealth USA, Inc. d/b/a Carafem ("Carafem"), MILO Worldwide LLC ("MILO"), and People for the Ethical Treatment of Animals, Inc. ("PETA"),[1] as follows. Any allegations or averments not specifically admitted herein are denied.

---

[1] ACLU, Carafem, MILO, and PETA are collectively referred to herein as "Plaintiffs."

1

## INTRODUCTION

1.	WMATA admits that it operates one of the nation's largest transit systems, that paid advertising in the advertising space of its transit system reaches significant numbers of people who live and work in the area on a daily basis, and that it adopted new advertising Guidelines Governing Commercial Advertising ("Guidelines") in late 2015.  WMATA denies the remaining allegations in paragraph 1.

2.	WMATA admits that it rejected certain advertisements submitted by Plaintiffs.  WMATA denies the remaining allegations in paragraph 2.

## JURISDICTION AND VENUE

3.	WMATA admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 provided the requirements for standing are satisfied.  WMATA also admits that this Court has supplemental jurisdiction of state-law claims under 28 U.S.C. § 1367, to the extent that any such state laws apply to WMATA.

4.	WMATA admits that Section 81 of the Washington Metropolitan Area Transit Authority Compact ("Compact"), codified at D.C. Code § 9-1107.1(81), provides that the United States District Courts shall have original jurisdiction over all actions brought by or against WMATA and that Section 80 of the Compact states that WMATA is liable for contracts and for its torts and those of its Directors, officers, employees and agent committed in the conduct of any proprietary function.  WMATA denies that it, the State of Maryland, the Commonwealth of Virginia, or the District of Columbia has waived sovereign immunity in this case.

5.	Admitted.

6.	Admitted.

7.	Denied.

## PARTIES

8. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12. Admitted.

13. WMATA admits the first sentence of paragraph 13.  The remaining sentences of paragraph 13 state legal conclusions, to which no response is required.  To the extent the remaining sentences of paragraph 13 are construed to assert factual allegations, those allegations are denied.

## FACTS

### Facts relating to WMATA advertising

14. WMATA admits that it sells advertising opportunities in its transit system. WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and therefore denies them, or those allegations state legal conclusions, to which no response is required.  To the extent the remaining allegations of paragraph 14 are construed to assert factual allegations, those allegations are denied.

15. WMATA admits that it contracts with an outside contractor, OUTFRONT Media, Inc. ("OUTFRONT"), which manages advertising sales and placement in and on WMATA

assets; that prospective advertisers submit proposed advertisements to OUTFRONT and sign contracts with OUTFRONT detailing the type, size, placement, duration, and cost of their advertisements; that WMATA is not a party to such contracts; that WMATA sets Guidelines for advertising that OUTFRONT is contractually required to follow; and that WMATA makes decisions about whether some proposed advertisements comply with the Guidelines. WMATA denies the remaining allegations in paragraph 15.

16.   WMATA admits the allegations of the first sentence of paragraph 16. WMATA denies that any court has held that its current advertising space constitutes a designated public forum.

17.   WMATA admits that, on May 28, 2015, it closed its advertising space to "all issue-oriented advertising . . . until the end of the calendar year." WMATA denies the remaining allegations in paragraph 17.

18.   WMATA admits that, on November 19, 2015, it formally amended its Guidelines and that, under the amended Guidelines, WMATA's advertising space is a designated nonpublic forum, the Guidelines contain fourteen numbered restrictions, and that the four Guidelines quoted in paragraph 18 are at issue in this action. WMATA denies the remaining allegations in paragraph 18.

19.   Denied.

20.   Denied.

21.   Denied.

### Facts relating to the ACLU

22.   WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24. WMATA admits that it determined that the only proposed ad from the ACLU – containing the text of the Establishment Clause of the First Amendment written in Arabic - violated WMATA's Guidelines.  WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 and therefore denies them.

25. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28. WMATA admits that the advertisements attached as Exhibits C through F have been displayed in WMATA advertising space.  WMATA denies the remaining allegations in paragraph 28.

29. Denied.

30. Denied.

31. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

**Facts relating to Carafem**

32. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34. Admitted.

35. WMATA admits that Carafem submitted the ad described in paragraph 35 to OUTFRONT.

36. WMATA admits that it determined that a proposed ad from Carafem violated WMATA's Guidelines and that it was contacted by Carafem. WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 and therefore denies them.

37. Admitted.

38. WMATA admits that the Guidelines permit medical and health-related messages if the substance of the message is currently accepted by the American Medical Association, which is not a government health organization. WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 and therefore denies them.

39. Admitted.

40. Denied.

41. WMATA admits that the advertisements described in paragraph 41 have been displayed in WMATA advertising space. WMATA denies the remaining allegations in paragraph 41.

42. Denied.

43. Denied.

44. WMATA admits that the advertisements described in paragraph 44 have been displayed in WMATA advertising space. WMATA denies the remaining allegations in paragraph 44.

45. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46. Denied.

47. Denied.

48. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

**Facts relating to MILO WORLDWIDE LLC**

49. Admitted.

50. WMATA admits that OUTFRONT was contacted about placing advertisements for Mr. Yiannopoulos's book, *Dangerous*, in WMATA advertising space. WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 and therefore denies them.

51. Admitted.

52. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54. WMATA admits that some advertisements for *Dangerous* were displayed in its advertising space. WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 54 and therefore denies them.

55. WMATA admits that it became aware of comments in social media about the advertisements for *Dangerous*. WMATA denies the remaining allegations in paragraph 55.

56. WMATA admits that a single response was made to a customer that contained the language quoted in paragraph 56. WMATA denies that any other responses contained that language.

57. WMATA admits that it directed OUTFRONT to remove the advertisements for *Dangerous* because they violated Guidelines 9 and 14. WMATA also admits that, in response to media inquiries, WMATA stated that the advertisements violated Guidelines 9 and 14. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

58. WMATA admits that the advertisements for *Dangerous* were removed between July 6 and July 8.

59. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60. Denied.

61. Denied.

62. WMATA admits that advertisements for *The Originalist* and *Girls Trip* have been displayed in WMATA advertising space. WMATA is without knowledge or information sufficient to form a belief as to the allegations of what viewers of those ads would think and therefore denies them. WMATA denies the remaining allegations in paragraph 62.

63. WMATA admits that the advertisements for *Dangerous* were removed. WMATA denies the remaining allegations in paragraph 63.

64. WMATA admits that it has accepted advertisements for books written by other authors. WMATA denies the remaining allegations in paragraph 64.

65. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

### Facts relating to PETA

68. WMATA admits that PETA placed advertisements in WMATA's advertising space when it was a designated public forum.  WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 68 and therefore denies them.

69. WMATA admits that PETA submitted the ad described in paragraph 69 to OUTFRONT.  WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69 and therefore denies them.

70. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71. WMATA admits that the PETA advertisement described in paragraph 71 was rejected because it violated WMATA's Guidelines.  WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 and therefore denies them.

72. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73. WMATA admits that the PETA advertisements described in paragraph 73 were rejected because they violated WMATA's Guidelines.  WMATA is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 and therefore denies them.

74. WMATA admits that the PETA advertisements described in paragraph 74 were rejected because they violated WMATA's Guidelines. WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 and therefore denies them.

75. WMATA admits that the PETA advertisements described in paragraph 75 were rejected because they violated WMATA's Guidelines. WMATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 and therefore denies them.

76. WMATA admits that it accepts commercial advertisements promoting animal-related products and events. WMATA denies the remaining allegations in paragraph 76.

77. WMATA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

## CLAIMS FOR RELIEF

78. Paragraph 78 states legal conclusions to which no response is required.

**I. First Amendment: Facial Unconstitutionality (Viewpoint Discrimination)**

79. Denied.

79.[2] Denied.

**II. First Amendment: Facial Unconstitutionality (Unfettered Discretion)**

80. Denied.

81. Denied.

---

[2] Plaintiffs' Complaint contains two paragraphs numbered 79.

82. Denied.

### III. Fifth Amendment: Facial Unconstitutionality (Vagueness)

83. Denied.

### IV. First Amendment: Viewpoint- or Speaker-Based Unconstitutionality as Applied

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

### V. First Amendment: Unreasonable Application as to Plaintiffs

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

### VI. WMATA's Failure to Follow its Own Regulations

98.[3] Denied.

99. Denied.

---

[3] Plaintiffs' Complaint contains no paragraph 97.

**REQUESTED RELIEF**

These paragraphs set forth the statement of relief requested by Plaintiffs to which no response is required. WMATA denies that Plaintiffs are entitled to any of the requested relief and denies all these allegations.

**DEFENSES**

Subject to the responses above, WMATA alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to the responses above, WMATA specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**First Affirmative Defense**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs' claims are barred by sovereign, governmental, Eleventh Amendment, and/or qualified immunity.

**Third Affirmative Defense**

Should discovery provide a basis, WMATA reserves the right to argue that this case is barred by the statute of limitations and/or laches.

**Fourth Affirmative Defense**

WMATA reserves the right to argue that Plaintiffs' claims are barred by waiver or estoppel.

**Fifth Affirmative Defense**

WMATA's advertising program is fully consistent with the First Amendment and other constitutional provisions and all of WMATA's actions taken in this matter were appropriate.

**Sixth Affirmative Defense**

WMATA reserves the right to argue that each Plaintiff lacks standing to maintain this action.

**Seventh Affirmative Defense**

Plaintiffs' claims under 28 U.S.C. §§ 1983 and 1988 are barred because WMATA is not a "person" for the purposes of 28 U.S.C. §§ 1983 and 1988.

WHEREFORE, having fully answered the Complaint, WMATA requests that this case be dismissed with prejudice and that WMATA be awarded all recoverable costs.

**DEMAND FOR A JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, WMATA respectfully demands a jury trial of all issues triable to a jury in this action.

Date:  August 31, 2017

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By:      /s/ *James E. Tysse*
James E. Tysse
1333 New Hampshire Ave., N.W.
Washington, D.C.  20036
Telephone:   (202) 887-4000
Facsimile:   (202) 887-4288
jtysse@akingump.com

Rex S. Heinke (*pro hac vice*)
Jessica M. Weisel (*pro hac vice*)
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067
Telephone:   (310) 229-1000
Facsimile:   (310) 229-1001
rheinke@akingump.com
jweisel@akingump.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing **DEFENDANTS' CORRECTED AND AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** were electronically transmitted via ECF to:

>Arthur B. Spitzer
>Scott Michelman
>American Civil Liberties Union Foundation
>   of the District of Columbia
>4301 Connecticut Avenue, N.W.
>Suite 434
>Washington, D.C.  20008
>Telephone:  (202) 457-0800
>aspitzer@acludc.org

>*Attorneys for Plaintiffs*

and sent via overnight delivery to the parties stated below:

| | |
|---|---|
| Lee Rowland<br>Brian Hauss<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th floor<br>New York, NY  10004<br>Telephone: (212) 549-2500<br>lrowland@aclu.org | Jeffrey P. Weingart<br>Stephen B. Meister<br>Meister Seelig & Fein LLP<br>125 Park Avenue – 7th Floor<br>New York, NY  10017<br>Telephone: (212) 655-3500<br><br>*Of Counsel to Plaintiffs* |
| Leslie Mehta<br>American Civil Liberties Union Foundation<br>   of Virginia<br>701 East Franklin Street, Suite 1412<br>Richmond, VA  23219<br>Telephone:  (804) 644-8022<br>lmehta@acluva.org | |

*Attorneys for Plaintiffs*

Date:  August 31, 2017

>/s/ *James E. Tysse*
>        James E. Tysse