**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN CIVIL LIBERTIES UNION FOUNDATION,

FEMHEALTH USA, INC., d/b/a CARAFEM,

MILO WORLDWIDE LLC,

PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,

Plaintiffs,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,

PAUL J. WIEDEFELD,

Defendants.

Civil Action No. 17-cv-01598 (TSC)

**ORDER**

Upon consideration of Plaintiff American Civil Liberties Union's Application for a Temporary Restraining Order and Motion for a Preliminary Injunction (ECF No. 31), along with the opposition and the entire record in this case, it is hereby ORDERED that Plaintiffs' Application for a Temporary Restraining Order and Motion for a Preliminary Injunction is DENIED.

## I. FINDINGS OF FACT

1. On March 31, 2018, this court issued an opinion denying a motion for a preliminary injunction filed by Plaintiff Milo Worldwide LLC. *ACLU v. WMATA*, No. 17-cv-01598 (TSC), 2018 WL 1583048 (D.D.C. Mar. 31, 2018). Plaintiff ACLU and Defendant Washington Metropolitan Area Transit Authority (WMATA) agree that the background facts described in that opinion

are equally applicable to this motion, and the court therefore incorporates those background facts herein.

2. The ACLU is hosting a nationwide membership conference at the Walter E. Washington Conference Center in Washington, D.C. The conference is intended to provide "a place for people to learn, discuss, and share ideas about civil liberties and civil rights," and is open to all ACLU members or prospective members. Decl. of Jaweer I. Brown, ¶ 2.

3. The ACLU is publicizing the conference through a number of advertising methods, including social media, radio, and various websites. *Id.* ¶ 3.

4. On May 10, the ACLU's media buyer submitted "Advertisement A" to OUTFRONT Media, WMATA's advertising representative, for inclusion on the WMATA transit system. *Id.* ¶ 4.




Advertisement A

5. WMATA received the advertisement from OUTFRONT on May 11, 2018, and submitted it to WMATA's review panel to determine if it complied with the Advertising Guidelines. Decl. of Lynn Bowersox ("Bowersox Decl. II") ¶¶ 4–5.

6. WMATA rejected the advertisement on May 16, 2018, for violating Guidelines 9 and 14, prohibiting "advertisements intended to influence members of the public regarding an issue on which there are varying opinions" and "advertisements that are intended to influence public policy." *Id.* ¶ 6.

7. The ACLU then submitted two alternative versions of the advertisement, "Advertisement B" and "Advertisement C." WMATA has indicated that of these two, it received and considered only Advertisement C. *Id.* ¶ 7.




Advertisement B




Advertisement C

8. WMATA claims only to have received Advertisement C, and after determining that Advertisement C continued to violate Guidelines 9 and 14, rejected that advertisement on May 25, 2018. *Id.* ¶ 10.

9. The ACLU must make arrangements to print and post the advertisements by Wednesday, May 30, in order to benefit from the advertisements prior to the date of the conference. *Id.* ¶ 10.

10. The ACLU filed the instant motion for a temporary restraining order on May 25, 2018, to which Defendants responded on May 27, 2018. *See* ECF Nos. 31-2 & 37. This court held a hearing on the motion on May 29, 2018.

## II. STANDARD OF REVIEW

A temporary restraining order or preliminary injunction is appropriate where a litigant demonstrates: (1) likely success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) a balance of equities that tips in the litigant's favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1131 (D.C. Cir. 2017). The D.C. Circuit

has traditionally evaluated claims for injunctive relief on a sliding scale, whereby "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). It has been suggested, though not decided, that a movant's showing of likelihood of success on the merits "is an independent, free-standing requirement for a preliminary injunction." *Id.* at 393 (quoting *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)).

## III. DISCUSSION

The ACLU seeks temporary injunctive relief to order WMATA to accept and display Advertisement B—or, alternatively, Advertisement C—according to the terms of WMATA's standard contract.[1] Both parties agree that WMATA's advertising space constitutes a limited or non-public forum, and that subject-matter restrictions are permissible in such a forum when they are viewpoint neutral and reasonably related to the forum's purposes. *See ACLU*, 2018 WL 1583048 at *3 (collecting cases). Moreover, the court finds that the ACLU has demonstrated a likelihood of irreparable harm—in the absence of temporary relief, it will be unable to advertise on the WMATA transit system in advance of its membership conference. Nevertheless, the court concludes that the ACLU is not entitled to temporary relief in the circumstances presented by this case, as it has not carried its burden to demonstrate a likelihood of success on the merits.

In its briefing and at the May 29 hearing, the ACLU advanced two primary arguments. First, it contends that, in light of the Guidelines' focus on *advertisements* that are intended to

---

[1] As WMATA claims not to have received or considered Advertisement B according to its internal procedures, this Order will focus on WMATA's rejection of Advertisement C, as the court indicated at the May 29 hearing. Although the hyperlink included with Advertisement C did not work at the time that the ACLU submitted it to WMATA, in light of the links included on the alternative advertisements and in consideration of the discussion at the May 29 hearing, the court will take judicial notice that the hyperlink in Advertisement C was intended to link to the conference website.

influence public policy or members of the public, Advertisement C is not issue-oriented because on its face it does not promote or even identify any issues. Instead, the ACLU contends, the advertisement does no more than promote the opportunity to attend the ACLU's membership conference, and involves no advocacy of any kind. Mot. 6–8. Second, the ACLU argues that WMATA's application of its Guidelines in this case is arbitrary and capricious—and therefore unreasonable—insofar as WMATA examines proposed advertisements using inconsistent approaches, thus creating the potential for speaker-based and viewpoint discrimination. Mot. 9–11.

1. WMATA Reasonably Concluded that the Advertisement Violated Guideline 14

The court disagrees with the ACLU's suggestion that WMATA is necessarily limited to the face of the advertisement in determining whether that advertisement fits within its Guidelines. In its prior opinion denying the motion for a preliminary injunction with respect to plaintiff Milo Worldwide LLC ("Milo Worldwide"), this court declined to adopt such an approach, concluding instead that: (1) "Guideline 14 bars advertisements whose content evinces an intent—or consists of an attempt—to influence public policy"; (2) WMATA is entitled to evaluate the message that an advertisement's content communicates in its full context, which could extend beyond the face of the advertisement to include that which an advertisement features or incorporates by reference; and (3) the purpose of an advertisement is connected to the characteristics of that which it advertises. *See ACLU*, 2018 WL 1583048 at *5. The court applied these principles to conclude that the advertisements at issue were inextricably intertwined with political advocacy, insofar as they (a) directly incorporated and promoted a book that consisted entirely of political advocacy, and (b) appeared to deliberately incorporate other aspects of the

author's political advocacy by including quotations referring to that advocacy, thus linking the book to the author's policy views in the mind of the viewer. *See id.* at *5.

The facts of this case are similar to those involved in this court's previous decision. Here, Advertisement C references a membership conference and includes a hyperlink to the website that describes that conference. A visit to the website reveals what counsel for the ACLU conceded at the May 29 hearing—that the conference itself consists of political advocacy on a range of issues relating to civil rights and civil liberties. This determination is supported by a number of facts: (1) the agenda for the conference includes topics such as "The Rule of Law in the Age of Trump" and "The Boomerang Effect: How US Militarism Abroad Undermines Civil Liberties at Home; (2) the conference website's main page describes the conference's purpose as bringing together members and activists for learning, inspiration, and—critically—mobilization; (3) speakers are described as "activists, legends, and public figures at the forefront of the civil liberties battle"; and (4) registration for the conference automatically results in ACLU membership. In deciding whether to accept or reject the advertisement, WMATA was entitled to consider these facts because the content of the advertisement focuses on the conference and, through the hyperlink, incorporates the website description of that conference by reference. WMATA's reliance on the website therefore represents no more than an attempt to understand, in its full context, the message that the advertisement communicates. *See id*. Thus, insofar as the advertisement promotes an event that constitutes political advocacy and includes a website detailing that advocacy, the full context of the advertisement supports the proposition that the advertisement is "intended to expand the audience for the advocacy encompassed by the [conference]." *Id.* Accordingly, WMATA reasonably concluded that the ACLU's proposed advertisement violated its prohibition on advertisements intended to influence public policy.

2. WMATA Did Not Apply Its Guidelines Arbitrarily or Capriciously

The court further concludes that, under the circumstances presented here, WMATA did not apply its Guidelines arbitrarily. The ACLU argues that WMATA adopts inconsistent approaches in examining proposed advertisements, reviewing some only on their face and "prob[ing] others beneath the surface to uncover unexpressed 'intentions' that WMATA attributes to their sponsors." Mot. 9–10. In particular, the ACLU is concerned that the lack of transparency concerning WMATA's approach with respect to a given proposed advertisement allows for a situation in which WMATA's decision whether to accept an advertisement depends on the identity of the speaker or the viewpoint that a speaker espouses, and that the approach it adopted to the ACLU's advertisements "strongly suggests" speaker-based discrimination. Mot. 11.

The court shares the ACLU's concerns regarding the clarity, consistency, and transparency of the application of WMATA's guidelines in deciding which advertisements are permitted in its advertising space. In the court's view, transparency and consistency go hand in hand. Given the recent spate of litigation in this district regarding WMATA's application of its Guidelines, there appears to be room for improvement in the transparency and consistency of WMATA's decision-making process.

Nevertheless, the court cannot conclude that the Guidelines were applied arbitrarily or inconsistently in this case. As the court noted above, the facts of this case are similar to those involved in the prior proceedings initiated by Milo Worldwide, in which the Court denied a motion for a preliminary injunction. Moreover, WMATA's conclusion that Advertisement C violates Guideline 14 is supportable on a basis that is readily analogous to the basis on which this court denied Milo Worldwide's request for a preliminary injunction. Accordingly, WMATA's rejection of the ACLU's advertisements appears to be consistent with reasonable past practice approved by

this court, and for that reason, its application of the Guidelines to these facts cannot be considered arbitrary or capricious.

## IV. CONCLUSION

For the foregoing reasons, the ACLU has failed to demonstrate that it is likely to succeed on the merits. Moreover, as the ACLU's claims regarding the balance of equities and public interest depend on a finding that its First Amendment rights were likely abridged, these factors weigh against granting relief. The ACLU's request for temporary and preliminary relief is therefore DENIED.

Date: May 30, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge