UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br>FEMHEALTH USA, INC., d/b/a CARAFEM,<br>MILO WORLDWIDE LLC,<br>PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,<br>   Plaintiffs,<br> v.<br>PAUL J. WIEDEFELD,<br>   Defendant. | No. 1:17-cv-1598 (TSC) |

**JOINT REPORT PURSUANT TO LCvR 16.3**

Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3, the parties respectfully submit the following Joint Report.

**SUMMARY OF THE CASE**

Plaintiffs filed this case on August 9, 2017, alleging that each of them had sought, and continued to seek, to place paid advertisements on Metrobuses, on Metrorail cars, and in Metrorail stations of the Washington Metropolitan Area Transit Authority ("WMATA") transit system and that WMATA rejected those advertisements on the ground that each advertisement violated certain provisions of WMATA's advertising Guidelines. Plaintiffs named as Defendants WMATA and then-WMATA General Manager and Chief Executive Officer Paul J. Wiedefeld. In July 2022, Randy Clarke became WMATA General Manager and Chief Executive Officer.

In relevant part, the Guidelines provide:

No. 4: "Medical and health-related messages will be accepted only from government health organizations, or if the substance of the message is

> currently accepted by the American Medical Association and/or the Food and Drug Administration."
>
> No. 9: "Advertisements intended to influence members of the public regarding an issue on which there are varying opinions are prohibited."
>
> No. 13: "Advertisements that support or oppose an industry position or industry goal without any direct commercial benefit to the advertiser are prohibited."
>
> No. 14: "Advertisements that are intended to influence public policy are prohibited."

Plaintiffs asserted that these Guidelines violated the First and Fifth Amendments on their face and as applied to reject Plaintiffs' advertisements (Claims I to V). They also asserted that in rejecting Plaintiffs' advertisements, WMATA failed to follow its own Guidelines, in violation of the *Accardi* doctrine (Claim VI). Complaint, ECF 1. Defendants filed their Answer on August 31, 2017. ECF No. 18 (Defs.' Answer); ECF No. 20 (Defs.' Corrected and Amended Answer).

Simultaneously with the Complaint, Plaintiff Milo Worldwide LLC filed a motion for a preliminary injunction regarding the rejection of its advertisement for a new book. ECF No. 2 (Aug. 9, 2017). After limited, expedited discovery and briefing, the Court denied that motion on March 31, 2018, on the grounds that Milo Worldwide had failed to demonstrate either a likelihood of success on the merits or irreparable injury. ECF Nos. 27 & 28.

In May 2018, on the parties' joint motion, the Court stayed proceedings pending the resolution of two other cases that challenged portions of WMATA's Guidelines and were pending before the United States Court of Appeals for the District of Columbia Circuit. *Archdiocese of Washington v. WMATA*, No. 17-7171 (D.C. Cir.), and *American Freedom Defense Initiative ("AFDI") v. WMATA*, No. 17-7059 (D.C. Cir.). In *AFDI*, on August 17, 2018, the D.C. Circuit affirmed in part and reversed in part this Court's grant of summary judgment in WMATA's favor. *AFDI v. WMATA*, 901 F.3d 356 (D.C. Cir. 2018). The D.C. Circuit held that Guideline No. 9 (prohibiting advertisements intended to influence members of the public

2

regarding an issue on which there are varying opinions) was viewpoint-neutral and reasonable, and thus a proper basis for WMATA's rejection of AFDI's ads. The D.C. Circuit remanded the case to this Court to decide whether Guideline No. 9 could withstand scrutiny under the standard set forth in *Minnesota Voters Alliance v. Mansky*, 138 S. Ct. 1876 (2018). On June 3, 2019, the Supreme Court denied AFDI's petition for certiorari. 139 S. Ct. 2665. On December 12, 2020, AFDI voluntary dismissed its case with prejudice.  Stipulation of Dismissal, *AFDI v. WMATA*, No. 15-cv-1038 (ECF No. 61).

In the *Archdiocese* case, on July 31, 2018, the D.C. Circuit affirmed the order of this Court granting summary judgment to WMATA. *Archdiocese of Wash. v. WMATA*, 897 F.3d 314 (D.C. Cir. 2018). The D.C. Circuit upheld WMATA's Guideline No. 12 (prohibiting advertisements that promote or oppose any religion, religious practice or belief) as viewpoint neutral and reasonable. On April 6, 2020, the Supreme Court denied the Archdiocese's petition for certiorari. 140 S. Ct. 1198.

Meanwhile, in May 2018 Plaintiff ACLU Foundation had attempted to place a paid advertisement for an upcoming conference on WMATA advertising space, and WMATA had rejected that advertisement on the ground that it violated Guidelines Nos. 9 and 14, above. On May 25, 2018, Plaintiffs filed a motion for leave to amend their complaint to add these new facts, ECF No. 32 (which was granted by Minute Order of May 29), and Plaintiff ACLU Foundation filed a motion for a temporary restraining order seeking to compel WMATA to accept its advertisement. ECF 31. After limited discovery, briefing and oral argument, on May 30, 2018, the Court denied the TRO motion on the grounds that Plaintiff ACLU Foundation failed to demonstrate either a likelihood of success on the merits or irreparable injury. ECF No. 38. The stay of proceedings then resumed. Minute Order of October 19, 2018. That stay was continued

pending the disposition of petitions for certiorari in both the *Archdiocese* and *AFDI* cases. Minute Order of January 7, 2019. Because the case was stayed, the amended complaint was not separately filed.

On March 1, 2021, Defendants filed a Fed. R. Civ. P. 12(c) motion for partial judgment on the pleadings, arguing that Plaintiff Milo Worldwide's claims were moot, sovereign immunity barred Plaintiffs' claims against WMATA, the claim based on the *Accardi* doctrine should be dismissed because that doctrine does not apply to WMATA, and Plaintiffs lacked standing to challenge Guideline 13. ECF No. 64. On July 28, 2023, the Court granted in part and denied in part the Rule 12(c) motion. ECF No. 69. The Court dismissed all claims against WMATA based on sovereign immunity and dismissed Plaintiffs' claim based on the *Accardi* doctrine, and permitted all other parties and claims to proceed. Also on July 28, 2023, by Minute Order the Court directed the parties to meet and confer and submit a Report of the Parties' Planning Meeting by August 31, 2023, and include therein a succinct summary of the case and the statutory basis for all remaining causes of action and defenses.

**STATUTORY BASIS FOR REMAINING CAUSES OF ACTION AND DEFENSES**

Plaintiffs assert their remaining claims based on the First, Fifth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983. Defendant bases his defenses on the First, Fifth and Fourteenth amendments as interpreted by the federal courts.

* * *

The topics listed in Local Civil Rule 16.3 have been discussed by the parties, who have agreed or disagreed as follows:

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The parties agree that it is reasonably likely that the case will be fully disposed of by cross-motions for summary judgment, after discovery.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

By operation of Rule 25(d), WMATA General Manager and Chief Executive Officer Randy Clarke will be substituted for former WMATA General Manager and Chief Executive Officer Paul J. Wiedefeld.

The parties propose that the pleadings may be amended within 30 days of this Report. They do not believe that the factual or legal issues can be agreed upon or narrowed at this time, but will seek to do so on an ongoing basis.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not agree to the assignment of this case to a magistrate judge for all purposes.

4. **Whether there is a realistic possibility of settling the case.**

As of this time, the parties do not believe that there is a realistic possibility of settling the case.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).**

As of this time, the parties do not believe that the case may benefit from the Court's ADR procedures. The parties understand that they may seek referral to ADR procedures at any time they believe such referral may be useful.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

    The parties agree that the case should be fully resolved on cross-motions for summary judgment and propose the following motion and briefing intervals, consistent with the Court's disfavor of simultaneous cross-motions for summary judgment: 45 days after the close of discovery for Plaintiffs' motion; 45 days for Defendant's opposition and cross-motion; 45 days for Plaintiffs' reply and opposition; and 30 days for Defendant's reply in support of their cross-motion.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

    The parties agree to exchange initial disclosures within 30 days of this Report.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

    The parties propose the following discovery plan:
    a. Fact discovery, including answers to interrogatories, document production, admissions, and depositions, to be completed within 180 days. However, the

parties may request a modification of that period, depending on the progress of discovery. In particular, the parties are aware of *White Coat Waste Project v. WMATA*, No. 23-cv-1866 (JEB), filed in this Court in June 2023, which raises some of the same issues as this case. Defendants intend to move for dismissal of *White Coat Waste Project* by the September 25, 2023 deadline to respond to that complaint. But in the event that motion to dismiss is denied, it may promote efficiency and avoid duplicative discovery for the parties in both cases to coordinate their discovery, and if that proves practicable the parties anticipate that they may seek an amendment to this proposed discovery plan to enable such coordination to occur. Accordingly, the parties propose a stay of discovery pending ruling on the forthcoming motion to dismiss in *White Coat Waste Project*, with the parties to file a status report every 60 days, and a proposed discovery schedule within 14 days of ruling on the motion to dismiss in *White Coat Waste Project*.

b. Limits on the number of interrogatories and depositions and the duration of depositions are as provided by the Federal Rules of Civil Procedure.

c. Requests for production of documents and requests for admissions are governed by Fed. R. Civ. P. 34 and 36, respectively.

d. The parties propose a protective order. Specifically, the parties anticipate that many documents encompassed by document requests will be e-mails bearing names and contact information of individual employees of Plaintiffs, of WMATA and of WMATA's contractor OUTFRONT Media Inc., specifically their e-mail addresses, telephone numbers and street addresses. Dissemination of such

individual employees' names and contact information could subject the employees to undue annoyance, embarrassment, or oppression within the meaning of Federal Rule of Civil Procedure 26(c)(1). Defendant also anticipates that documents sought in discovery may contain the confidential and proprietary business information of Plaintiffs, WMATA and/or OUTFRONT Media, Inc. The parties therefore agree that all such individual employee names and contact information and information identified as confidential or proprietary business information of Plaintiffs, WMATA and/or OUTFRONT Media, Inc. should be treated as confidential and request a protective order providing for that information to be treated as confidential. A proposed protective order (combined with a proposed Federal Rule of Evidence 502(d) order) is attached.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

   The parties do not at this time anticipate any issues about electronic discovery.

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Defendant anticipates that a large volume of e-mails will be responsive to document requests of Plaintiffs and that some will be subject to claims of privilege or work-product protection. The parties agree that a Federal Rule of Evidence 502(d) order will be warranted to preclude waiver of any applicable privilege or work-product protection through unintentional or

inadvertent production of documents produced. A proposed Federal Rule of Evidence 502(d) order (combined with a proposed protective order) is attached.

**11. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The parties do not currently believe that expert witnesses will be necessary in this case.

**12. In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable to this case.

**13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not request that the trial and/or discovery be bifurcated or managed in phases.

**14. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that the date for a pretrial conference, if one is necessary, be set for approximately 60 days after the Court rules on any post-discovery dispositive motions. If the deadline for dispositive motions passes with none filed, the conference should be set for approximately 60 days after that date.

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the trial date be set at the pretrial conference.

16. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Because of the overlap of issues between this case and *White Coat Waste Project*, Defendants intend to file a motion for consolidation in that case, requesting that it be consolidated with this case, in the coming days. Plaintiffs are likely to oppose that motion.

\*   \*   \*

A proposed scheduling order in the form specified by the Court is attached.

August 31, 2023                                     Respectfully submitted,

/s/*Arthur B. Spitzer*
Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
  of the District of Columbia
915 15th St., NW, 2nd Floor
Washington, DC 20005
Telephone: 202-601-4266
aspitzer@acludc.org
smichelman@acludc.org

Brian Hauss
American Civil Liberties Union Foundation
125 Broad Street, 18th floor
New York, NY 10004
Telephone: (212) 549-2500
bhauss@aclu.org

Vishal Agraharkar
American Civil Liberties Union Foundation of Virginia

701 East Franklin Street, Suite 1412
Richmond, VA 23219
Telephone: (804) 644-8022
vagraharkar@acluva.org

Attorneys for Plaintiffs

AKIN GUMP STRAUSS HAUER & FELD LLP
By: *Caroline L. Wolverton*

Caroline L. Wolverton (D.C. Bar No. 496433)
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
cwolverton@akingump.com

Rex Heinke (*pro hac vice*)
California Appellate Law Group LLP
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
www.calapplaw.com
Telephone: (213) 878-0404
rex.heinke@calapplaw.com

Attorneys for Defendant