UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION FOUNDATION, ET AL.,

Plaintiffs,

v.

RANDY CLARKE,

Defendant.

Civ. No. 1:17-cv-1598 (TSC)

**Limited Intervenor White Coat Waste Project's Opposition to Defendant's Motion to Consolidate**

**Introduction**

In the first sentence of his motion, Defendant Randy Clarke "respectfully requests that the Court consolidate the recently filed action *White Coat Waste Project v. Wiedefeld*, No. 23-cv-1866 (JEB) (D.D.C. filed June 27, 2023) ('*White Coat*') with this action, based on the common questions of law presented in the two cases, the commonality of the Defendants in each, and this Court's acquaintance with the primary issues raised in both cases." Motion to Consolidate, ECF No. 77, at 1.

Let's stop right there.

There is no "*White Coat Waste Project v. Wiedefeld*." Case number 23-cv-1866 is *White Coat Waste Project v. Washington Metropolitan Area Transit Authority*. Paul Wiedefeld is not now and never was a defendant in that case. He left WMATA in May 2023, before White Coat even sued. And Washington Metropolitan Area Transit Authority is and remains the lead defendant.

And there is no "commonality of Defendants [plural]" in the two cases. This case now has only one defendant—Randy Clarke, WMATA's General Manager, in his official capacity, who is substituted as a defendant under Rule 25(d). *White Coat* has two defendants: WMATA as an entity and Clarke, who was also substituted as an official capacity defendant in White Coat's case under Rule 25(d). While WMATA was once a defendant in this case, it remains a defendant in *White Coat*. And that WMATA has moved to have itself dismissed in *White Coat* is a reason to deny consolidation, at least for now, not grant it.

Those are just some of the reasons to deny Clarke's motion and based only on its first sentence.

As shown below, first, the Court should deny the motion without prejudice because a motion to dismiss the entire *White Coat* case is pending before Judge Boasberg. A motion to consolidate is premature when such a motion is pending because the ruling on that motion could affect whether and to what extent a sufficient relationship exists between cases for consolidation. Second, even if the Court finds that Clarke's motion is not premature, the Court should exercise its discretion to deny consolidation because the cases aren't even related and because consolidation would prejudice White Coat and burden this Court. Third, the Court should deny consolidation even for discovery because Clarke does not seek that relief and it seems impractical.

## Background of Both Cases

This case was filed more than six years ago. In it, five plaintiffs—including two civil liberties organizations, a healthcare nonprofit, an alt-right provocateur, and an animal rights organization—filed suit against WMATA and its General Manager over denials of access to WMATA's advertising forum that happened between 2015 and 2017. Amended Compl., ECF No. 76, ¶¶ 23–88. It challenges the application of four of WMATA's advertising prohibitions to the five plaintiffs' ads: the prohibition on health-related messages that aren't endorsed by the government, the American Medical Association, or the Food and Drug Administration; the prohibition on ads intended to influence the public on issues people disagree about; the prohibition on ads that support or oppose an industry position without a direct commercial benefit to the speaker; and ads intended to influence public policy. *Id.* ¶ 19. It also challenges those prohibitions on their face. *Id.* ¶¶ 90–95.

The defendants did not move to dismiss this case. For what appears to be various reasons—not all of which White Coat fully understands—discovery has not even begun beyond the exchange of initial disclosures. The defendants moved for judgment on the pleadings three and a half years into the case. ECF No. 64. Two years later, the Court granted that motion in part, dismissing WMATA as a defendant and granting judgment to defendant Clarke on the plaintiffs' cause of action asserting a claim under the *Accardi* doctrine. ECF No. 69. It seems the parties have again stayed discovery. ECF Nos. 71 & 74.

The *White Coat* case was filed this June, over ad denials in late April. Complaint, ECF No. 1, *White Coat Waste Project v. WMATA*, Case 1:23-cv-01866-JEB (D.D.C. June 7, 2023). White Coat is a bipartisan taxpayer watchdog organization that seeks to expose and end wasteful taxpayer-funded animal experiments. *Id.* It sought to run a series of ads criticizing recent government funding of currently ongoing animal research. *Id.* WMATA censored White Coat's ads under its prohibitions against ads intended to influence the public on issues people disagree about, ads that support or oppose an industry position without a direct commercial benefit to the speaker, and ads that seek to influence public policy. *Id.*

WMATA obtained a sixty-day extension to respond to the Complaint and then moved to dismiss it in full. Motion to Dismiss, ECF No. 10, *White Coat Waste Project v. WMATA*, Case 1:23-cv-01866-JEB (D.D.C. Sept. 25, 2023). That motion remains pending and is not yet even fully briefed.

Neither side moved to relate *White Coat* with this case. And they're unrelated under the definition of related civil cases in the Local Rules: they don't "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction[,] or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3).

Almost four months after White Coat filed its case, Defendant Clarke moved this Court to consolidate *White Coat* case with this case. ECF No. 77.

## Argument

Under Rule 42(a) a federal district court may "consolidate civil actions when the cases share common issues of law or fact, consolidation would serve the interests of judicial economy, and the parties would not be prejudiced by consolidation." *Jud. Watch, Inc. v. United States Dep't of Energy*, 207 F.R.D. 8, 8 (D.D.C. 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (2d ed. 1995)).

Consolidation "is permitted as a matter of convenience and economy." *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933)). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Id.* at 1131. The exercise of this discretion is informed by "weigh[ing] considerations of convenience and economy against considerations of confusion and prejudice." *Am. Postal Workers Union v. United States Postal Serv.*, 422 F.Supp.2d 240, 245 (D.D.C. 2006) (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)). "If the parties at issue, the procedural posture[,] and the allegations in each case are different, . . . consolidation is not appropriate." *Blasko v. WMATA*, 243 F.R.D. 13, 15 (D.D.C. 2007).

### I. Consolidation Is Premature While a Motion to Dismiss *White Coat* Remains Pending Before Judge Boasberg.

The Court should deny Clarke's motion to consolidate without prejudice because it is premature. WMATA and Clarke have moved Judge Boasberg to dismiss White Coat's entire action with prejudice for failing to state claims and has moved to

dismiss WMATA based on an assertion of sovereign immunity. Motion to Dismiss, ECF No. 10, *White Coat Waste Project v. WMATA*, Case 1:23-cv-01866-JEB (D.D.C. Sept. 25, 2023). That motion is not yet fully briefed; WMATA and Clarke's reply brief is due November 13, 2023. Minute Order of Oct. 3, 2023, *White Coat Waste Project v. WMATA*, Case 1:23-cv-01866-JEB (D.D.C. Oct. 3, 2023).

A motion to consolidate is premature when a motion to dismiss remains pending in one of the actions. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (3d ed.) ("[C]ourts have concluded that consolidation is premature when motions to dismiss are pending," collecting cases). "At this stage, it is too soon to ascertain the claims and parties which may remain in each case once those motions are resolved." *Vickers v. Green Tree Servicing, LLC*, Case No. 15-cv-1252-JTM, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015); *see also Osman v. Weyker*, Case No. 16-cv-1012-JNE, 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016) ("consolidation is premature in light of the fact that defendants plan to move for dismissal under Rule 12(b)(6) on several grounds . . . [c]onsequently, the Court has denied defendants' motions without prejudice to their right to renew the motions if some of the plaintiffs' claims survive defendants' dispositive motions" and collecting cases); *Ekpe v. City of New York*, 2021 WL 5999204, *4 (S.D.N.Y. 2021) (denying consolidation because cases had "divergent procedural postures as to the state of discovery and motion practice" and "amended complaints are the subject of pending motions to dismiss"). *Cf. Clinger v. Edgewell Pers. Care Brands, LLC*, 2022 WL 1396139, *3–4 (D. Conn. 2022)

(consolidation prior to ruling on motion to dismiss not premature if each case is at pleading stage).

The Court should deny Clarke's motion to consolidate without prejudice to re-file after Judge Boasberg decides the pending motion to dismiss *White Coat* because the ruling on that motion will inform whether and to what extent consolidation here will further the goals of Rule 42. If Judge Boasberg grants the motion in full, there will be no case left to consolidate with this one (at least unless and until that order is reversed by a higher court). If Judge Boasberg denies the motion in full, there will be no commonality of defendants, with White Coat permitted to pursue claims against WMATA as an entity but the plaintiffs here prohibited from doing so because WMATA obtained judgment on the pleadings. If Judge Boasberg grants the motion as to either White Coat's First or Fifth Amendment claim, but not the other, than there will be no commonality of claims, with Clarke here having chosen not to seek dismissal of the plaintiffs' First and Fifth Amendment claims. WMATA and Clarke's motion to dismiss *White Coat* leaves various possibilities for what will remain in that case, what commonalities that case will have with this one, and the arguable benefits or detriments to consolidating the cases.

Clarke *could* have sought consolidation before moving to dismiss the *White Coat* action and thus avoided the prematurity problem here. Both Clarke and WMATA were served with the summons and complaint in that action on July 6, 2023. Defendants' Consent Motion for Extension of Time to Respond to Complaint, ECF No. 7, *White Coat Waste Project v. WMATA*, Case 1:23-cv-01866-JEB (D.D.C. July 12,

2023). They sought and received another 60 days, for a total of 81 days, to respond to White Coat's complaint. *Id.* Clarke then waited another 20 days to properly file this motion. In other words, Clarke could have sought consolidation and perhaps even obtained a ruling on consolidation before moving to dismiss the complaint in the *White Coat* case. He didn't. Now Judge Boasberg's resolution of that motion could well inform whether consolidation is proper here.

This Court should deny Clarke's motion without prejudice to refile it after a resolution of WMATA and Clarke's motion to dismiss the *White Coat* action.

## II. If the Court Finds the Consolidation Motion Is Not Premature, It Should Exercise Its Discretion to Deny It.

If the Court is inclined to find that Clarke's motion is not premature, it should deny the motion on the merits. While both cases involve some of the same advertising prohibitions, there is not even total overlap of challenged policies. The cases involve different plaintiffs proposing different advertisements years apart, and *White Coat* involves a different defendant. But even if there were complete overlap, consolidation should still be denied because of the prejudice to White Coat that consolidation threatens to impose.

While "[a]ctions involving the same parties are apt candidates for consolidation," 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2384 (3d ed.), these two actions have separate parties. The plaintiffs in the two cases obviously differ. But, at least for now, so do the defendants. White Coat brings and, at least currently, still has claims against WMATA. WMATA is not a defendant here.

Even among cases with different plaintiffs, consolidation is often ordered in cases "arising out of the same tort, such as a single accident or disaster or the use of a common product that is alleged to be defective in some respect." *Id.* But that's also not the case here. The plaintiffs here challenge actions from 2015 to 2017. White Coat's case involves actions from April and May 2023.

Sure, both cases involve challenges to some of the same aspects of the same government policy—even there, however, there is not clean overlap; the plaintiffs here bring a challenge to advertising on health-related messages that aren't endorsed by the government, the American Medical Association, or the Food and Drug Administration. White Coat does not challenge that prohibition. But even so, each case involves different applications of that government policy that resulted in different censorship to different speech. Plenty of cases involve separate challenges to different applications of the same statute or government policy, creating different alleged harms to different plaintiffs. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (the "mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact").

Even if the Court finds these cases involve common issues of law and fact, it must weigh the prejudice to the parties from consolidation, including delay. *Singh v. Carter*, 185 F.Supp.3d 11, 18 (D.D.C. 2016). Courts regularly deny consolidation in cases filed long apart or at different procedural postures. *Johnson Safety, Inc. v. Voxx Int'l Corp.*, Case No. 5:14-cv-02591-ODW, 2017 WL 1407634, at *2 (C.D. Cal. Apr. 17, 2017) (denying consolidation with case "filed years before"); *Singh*, 185 F.Supp.3d at

26 (denying consolidation of cases at different procedural procedures); *Clark v. Wexford Health Sources, Inc.*, Case No. 3:16-cv-1266-MJR, 2019 WL 2493462, at *2 (S.D. Ill. Feb. 4, 2019), *report and recommendation adopted*, 3:16-cv-1266-MJR, 2019 WL 1375974 (S.D. Ill. Mar. 27, 2019) (same); *Aerotel, Ltd. v. Verizon Commc'ns Inc.*, 234 F.R.D. 64, 67 (S.D.N.Y. 2005) (same); *Rubio v. King Cnty.*, Case No. 16-cv-1269-JCC, 2017 WL 2172014, at *2 (W.D. Wash. May 17, 2017) (same).

Typically, the prejudice to consolidation in cases filed years apart is to the plaintiffs in the earlier-filed case. But here, consolidation threatens prejudice to White Coat. Albeit with considerable hesitation, White Coat must mention the delays that have plagued this action and the prejudice White Coat would suffer from similar delays. This case was filed in 2017, involving ads the plaintiffs here sought to run between 2015 and 2017. Discovery appears to have not yet started, apart from the exchange of initial disclosures, and is now stayed again. A motion for judgment on the pleadings was pending for 27 months before resolution. A different challenge to WMATA's advertising prohibition that was filed three months after this one went from filing in the district court all the way to a statement regarding the denial of certiorari in the United States Supreme Court in less than half the time this case has been pending without discovery even starting. *Archdiocese of Washington v. WMATA*, 140 S. Ct. 1198 (2020) (Gorsuch, J., statement respecting denial of certiorari). One of the plaintiffs' ads in this case involves promotion for the release of a book published now six-and-a-half years ago, and WMATA has gone so far as to argue that the substantial delay in this case mooted that plaintiff's claims. ECF No. 64-1.

White Coat intends to move its case quickly. Fed. R. Civ. P. 1 (providing for a "speedy" resolution of disputes). The advertising it seeks to run involves government funding of animal testing that is happening *now*. Every day that passes without a resolution of its dispute risks more taxpayer funding going to make more animals suffer, all while White Coat is censored from reaching the public about these experiments. White Coat intends to seek a preliminary injunction after obtaining responses to an initial round of discovery. It will likely file an early motion for summary judgment. It will contest any stay of discovery. White Coat will push its case. Everything that has happened in the more than six years this case has been pending suggests a threat to White Coat being able to do that if these cases are consolidated.

This Court should also exercise its discretion to deny consolidation for the Court's own sake. This Court has much more important things to deal with than White Coat's advertising squabble, including overseeing perhaps the most significant criminal prosecution in the history of the Republic. *See United States v. Trump*, Case 1:23-cr-00257-TSC (D.D.C.). Efficiency—for both the Court and the parties—would be promoted by denying Clarke's motion for consolidation.

**III. Even Consolidating the Cases for Discovery Is Impractical.**

The plaintiffs here do not oppose consolidating these cases for discovery. White Coat opposes even that consolidation. ECF No. 78. The Court should deny consolidating the cases for discovery for two reasons.

First, Defendant Clarke's motion does not seek consolidation for the limited purpose of discovery. ECF No. 77. It seeks consolidation wholesale. *Id.* The Court shouldn't grant relief the movant has not sought.

Second, consolidating two cases before different district court judges for the purpose of discovery seems impractical. The plaintiffs in this case base their nonopposition to consolidation for discovery on *Blasko v. WMATA*, 243 F.R.D. 13, 14 (D.D.C. 2007), where Judge Urbina denied WMATA's motion for full consolidation of two cases that both "name[d] the same defendant, allege[d] the same claims and ar[o]se out of the same incident," but still "consolidate[d] the actions for discovery purposes" because discovery would largely cover the same territory. *Id.* But both those cases were already assigned to Judge Urbina because the plaintiffs in *Blasko* filed it as related to the other case it was consolidated for discovery with. Which makes sense—they both involved the same event. *See* LCvR 40.5.

These cases aren't even related. They grow out of events between six and eight years apart. And they are assigned to different judges.

It is unclear, at least to White Coat, how consolidation for discovery would even work. Would White Coat file discovery motions in its own case or this one? How would the different district court judges know who a motion was directed to? Would this Court take the case after the motion to dismiss is decided and then return it to Judge Boasberg when discovery closes? Who would decide White Coat's anticipated motion for a preliminary injunction? Perhaps there are procedures in place to deal with two

cases assigned to different judges being consolidated for discovery and White Coat just isn't familiar with them. But it sounds like it could be a mess.

Because of those impracticalities, the Court should exercise its discretion and deny consolidation even for the limited purposes of discovery.

**Conclusion**

The Court should deny Clarke's motion to consolidate, either without prejudice because it is premature or with prejudice because consolidation is prejudicial and impractical.

Date: October 30, 2023

Respectfully submitted,

/s/ Matthew Strugar
Matthew Strugar (D.C. Bar No. 1010198)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
323-696-2299
matthew@matthewstrugar.com

Vanessa Shakib (D.C. Bar No. 1753580)
Advancing Law for Animals
409 N. Pacific Coast Highway, #267
Redondo Beach, CA 90277
202-996-8389
vshakib@advancinglawforanimals.org

Attorneys for Proposed Limtied Intervenor
White Coat Waste Project