UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, *et al.*, <br><br> Defendant. | Civil Action No. 17-cv-1598 (TSC) |

**MEMORANDUM OPINION**

Plaintiffs—the American Civil Liberties Union Foundation, the American Civil Liberties Union ("ACLU"), FemHealth USA, Inc., d/b/a Carafem ("Carafem"), Milo Worldwide LLC ("Milo Worldwide"), and People for the Ethical Treatment of Animals, Inc. ("PETA")—brought this action against the Washington Metropolitan Area Transit Authority ("WMATA") and Paul Wiedefeld, WMATA General Manager, in August 2017.  Compl., ECF No. 1.  Plaintiffs raise facial and as applied challenges to WMATA's Guidelines Governing Commercial Advertisements (the "Guidelines") under the First and Fifth Amendments.  WMATA was dismissed as a defendant by the court's prior decision on Defendants' Motion for Judgment on the Pleadings, *see* Mem. Op. ("MJP Mem. Op.") at 3–7, ECF No. 69, and current WMATA General Manager Randy Clarke was automatically substituted as Weidefeld's successor under Federal Rule of Civil Procedure 25(d), *see* Pls.' Notice of Filing Am. Compl. at 2, ECF No. 75.  Defendant moved to consolidate this action with *White Coat Waste Project v. WMATA et al.*, No. 23-cv-1866-JEB (D.D.C. June 27, 2023).  Def.'s Mot. to Consolidate at 1, ECF No. 77.  For the reasons set forth below, the court will DENY Defendant's Motion.

I.     **BACKGROUND**

The court previously summarized Plaintiffs' allegations and the relevant background in its decision denying Milo Worldwide's Motion for Preliminary Injunction. *See* Mem. Op. at 2–6, ECF No. 27. In short, Plaintiffs allege that WMATA's refusal to place their proposed advertisements in the WMATA metrorail system based on Guidelines Nos. 4, 9, 13, and 14 violates the First and Fifth Amendments of the U.S. Constitution. Am. Compl. ¶¶ 89–112, ECF No. 76. WMATA rejected Plaintiffs' advertisements between December 2016 and May 2018. *Id.* ¶¶ 35–36 (ACLU advertisement rejected "on the ground that it violated guidelines 9 and 14"); *id.* ¶¶ 46–48 (Carafem advertisement rejected "due to guidelines #4 & #9"); *id.* ¶¶ 61–68 (Milo Worldwide advertisement removed "as it violates guidelines #9 and #14"); *id.* ¶¶ 80–86 (PETA advertisements rejected "based on Guidelines Nos. 9 and 14").

Plaintiffs bring facial challenges to Guideline Nos. 4, 9, 13, and 14, alleging viewpoint discrimination, unfettered discretion, and impermissible vagueness, and challenge the same Guidelines as applied to Plaintiffs. *Id.* ¶¶ 89–112. The court previously dismissed Plaintiffs' *Accardi* doctrine claim. MJP Mem. Op. at 7–9. Discovery is underway and scheduled to close on November 22, 2024. *See* Min. Order (Aug. 13, 2024).

Defendant moved to consolidate this case with an action filed by an unrelated plaintiff, White Coat Waste Project ("White Coat"), against WMATA and its General Manager. Def.'s Mot. to Consolidate at 1. WMATA refused to place White Coat's advertisements in June 2023 and White Coat promptly filed suit. *White Coat Waste Project v. WMATA* ("*White Coat I*"), 710 F. Supp. 3d 15, 23 (D.D.C. 2024). White Coat, a non-profit dedicated to ending "wasteful taxpayer-funded animal experiments," brought facial and as applied challenges to WMATA's Guideline Nos. 9, 13, and 14 under the First, Fifth, and Fourteenth Amendments. *Id.* at 21–23.

Unlike this action, in which Defendants moved for judgment on the pleadings, the *White Coat* defendants moved to dismiss based on WMATA's sovereign immunity and White Coat's failure to state a claim under the Constitution. *Id.* at 21. On January 5, 2024, Chief Judge Boasberg granted that motion in part and denied it in part. *Id.* at 34. As here, WMATA was dismissed from the suit based on sovereign immunity. *Id.* at 24–25. The court also dismissed White Coat's facial challenges based on viewpoint discrimination and the as applied challenges. *Id.* at 26–32. White Coat's facial challenge to Guideline 9 based on reasonableness under the First Amendment and vagueness under the Fifth Amendment survived. *Id.* at 32–34. Although the court initially dismissed the facial challenges to Guidelines 13 and 14 on those grounds, *id.* at 32–33, it subsequently granted White Coat leave to file an amended complaint that remedied the defects. *White Coat Waste Project v. WMATA* ("*White Coat II*"), No. 23-cv-1866 (JEB), 2024 WL 3400262 at *5–7 (D.D.C. July 11, 2024). Discovery is also underway in *White Coat* and scheduled to close on November 22, 2024. Scheduling Order at 1, *White Coat Waste Project v. WMATA et al.*, No. 23-cv-1866-JEB (D.D.C. Feb. 22, 2024), ECF No. 24.

Plaintiffs oppose Defendant's motion to consolidate, *see* Pls.' Opp'n to Mot. to Consolidate, ECF No. 78, and the court granted White Coat's motion to intervene in opposition, Min. Order (Nov. 1, 2023); *see* Limited Intervenor's Opp'n to Def.'s Mot. to Consolidate, ECF No. 81.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(a), actions involving "a common question of law or fact" may be consolidated. Fed. R. Civ. P. 42(a). Consolidation is "a purely discretionary power in the district court." *Singh v. Carter*, 185 F. Supp. 3d 11, 17 (D.D.C. 2016); *Hall v. Hall*, 584 U.S. 59, 77 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). In considering whether to consolidate actions, "courts weigh

considerations of convenience and economy against considerations of confusion and prejudice." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)). Courts are not required to consolidate actions and the "party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation." *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (quoting *Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10-1063-JARDJW, 2010 WL 4386911, at *2 (D. Kan. Oct. 29, 2010)).

Actions involving the same parties, same witnesses, or that arise from the same series of events or facts may be consolidated to "promote convenience and judicial economy, simplify management of the cases, . . . facilitate global resolution of the . . . claims[,] and conserve judicial resources." *Singh*, 185 F. Supp. 3d at 18 (alterations in original) (quoting *Steele v. United States*, No. 14-cv-1523, 2015 WL 4121607, at *2 (D.D.C. June 30, 2015)). "If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate." *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007) (citing *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002)).

### III.   ANALYSIS

Consolidation is not appropriate here. The two cases involve different factual allegations, different parties, different legal claims, and have different procedural histories. It is true that there are commonalities between the cases; as in this case, White Coat asserts First and Fifth Amendment challenges to the WMATA Advertising Guidelines. Def.'s Mot. to Consolidate at 5–6. But the factual and legal differences confirm that consolidating the actions would not conserve judicial resources and risks introducing confusion.

First, consolidation could cause confusion and inefficiency because the cases involve different time periods and different parties. *See Singh*, 185 F. Supp. 3d at 25 (denying

consolidation when plaintiffs joined the military at different times and in different positions); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989) (holding that consolidation was inappropriate because the suit was filed "more than two years after the present action"). Plaintiffs in both cases asserted as applied challenges to WMATA's Guidelines, *see* Am. Compl. ¶¶ 96–112; *White Coat I*, 710 F. Supp. 3d at 29, but the events at issue occurred years apart. Here, Plaintiffs' advertisements were assessed under the WMATA Guidelines between 2016 and 2018, *see* Am. Compl. ¶¶ 35–86, whereas the *White Coat* events occurred between April and June 2023, *White Coat I*, 710 F. Supp. 3d at 21–23. The actions also involve different parties, which means that consolidation is unlikely to simplify case management. Although WMATA's General Manager is the defendant in both, there is no apparent or suggested relationship between the plaintiffs, and there is no indication that the plaintiffs have any knowledge of or involvement in the allegations raised in the other action. Consequently, the actions will require different witnesses and "distinct evidentiary support." *See Blasko*, 243 F.R.D. at 16. Consolidation is unlikely to conserve judicial resources and, instead, may cause confusion or delay.

Second, the procedural posture of the cases does not support consolidation. Actions that "are still in their nascent stages" with "an identical question of law" are appropriate for consolidation. *See Hanson*, 257 F.R.D. at 22. Neither action here is nascent and the differing procedural paths place the surviving legal claims in tension. This court has already resolved motions for judgment on the pleadings and for a preliminary injunction. Chief Judge Boasberg has similarly issued two substantive opinions in *White Coat*. *White Coat I*, 710 F. Supp. 3d at 15; *White Coat II*, 2024 WL 3400262 at *1. And discovery is well underway in both actions. At this advanced stage, consolidation is less likely to result in efficiency and more likely to introduce complications. The cases have also taken vastly different procedural paths. In *White Coat*, the

court dismissed the facial and as applied viewpoint discrimination claims under the First Amendment. *White Coat I*, 710 F. Supp. 3d at 26–29. In this case, Defendant chose not to file a motion to dismiss, and therefore Plaintiffs' claims based on viewpoint discrimination remain. Unifying actions with surviving legal claims in tension would complicate, rather than simplify, case management.

Finally, the actions involve different legal claims. Both cases raise First and Fifth Amendment challenges to WMATA's Guidelines Nos. 9, 13, and 14, Am. Compl. ¶¶ 89–112; *White Coat I*, 710 F. Supp. 3d at 21–23, but Plaintiffs in this case also challenge Guideline 4, *see* Am. Compl. ¶¶ 19–20, which is not at issue in *White Coat*. As noted above, the court in *White Coat* has already addressed the merits of Guidelines Nos. 9, 13, and 14, but has had no occasion to address Guideline No. 4. The incongruence between the claims weighs against consolidation. For instance, in *Singh v. Carter*, the court refused to consolidate actions because plaintiffs in one action had "not brought any claims related to specialized helmet and gas mask testing," but the court in the other had "already opined on the merits of the plaintiff's specialized testing claims." 185 F. Supp. 3d 25–26.

Given the differing factual allegations, particularly the distinct time frames and parties involved, the cases' procedural postures, and the lack of overlap between the surviving legal claims, consolidation is unlikely to conserve judicial resources or simplify case management and risks causing confusion and prejudice. The similarities identified by Defendant do not outweigh these considerations.

## IV. CONCLUSION

For these reasons, the court will DENY Defendant's motion to consolidate this action with *White Coat Waste Project v. WMATA*, No. 23-cv-1866-JEB, ECF No. 77. An Order will accompany this Memorandum Opinion.

Date: September 25, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge